IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

JASMINE D. SHEHANE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

Case No. 2:25-cv-01046-ALM-SCS

Judge Algenon L. Marbley

Magistrate Judge S. Courter Shimeall

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE INSTANTER RESPONSE TO ORDER TO SHOW CAUSE, FOR EXTENSION OF TIME PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(B), AND FOR LEAVE TO CURE PRIOR PROCEDURAL DEFICIENCIES**

Plaintiff Jasmine D. Shehane, proceeding pro se, respectfully moves this Court for leave to file her Response to the Court's June 1, 2026 Order to Show Cause instanter, for an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), and for leave to cure the procedural deficiencies identified in the Court's May 4, 2026 and May 6, 2026 Orders. This motion is supported by the Declaration of Jasmine D. Shehane submitted pursuant to 28 U.S.C. § 1746 and filed herewith as Exhibit A.

1

## I. INTRODUCTION

This case should not be dismissed. The missed deadlines at issue — May 22, May 25, and June 15, 2026 — all fall within a single, discrete, and fully documentable 35-day period during which Plaintiff's husband, Yakup Eren, was abroad in Turkey and no one was present at the address on file with this Court to receive mail. Mr. Eren departed May 16, 2026 and did not return until June 20, 2026. Every Court Order at issue was issued and delivered to that unoccupied address during that window. Plaintiff received no actual notice of any of those Orders until June 23, 2026, when she reviewed the docket independently following Mr. Eren's return and discovery of the accumulated mail. Plaintiff prepared all filings necessary to respond to the Court and submitted them the following morning on June 24, 2026.

This is not a case of willful disregard, bad faith, or a pattern of deliberate obstruction. It is a case of a pro se litigant who maintained a reasonable mail-receipt arrangement that failed during an extraordinary and documented gap. Upon learning of the situation, Plaintiff acted immediately. The filings accompanying this motion reflect that response.

Plaintiff respectfully submits that these facts satisfy the excusable neglect standard under Rule 6(b)(1)(B), that the interests of justice strongly favor resolution of this matter on its merits, and that dismissal under Rule 41(b) is neither warranted nor appropriate under the circumstances presented.

## II. FACTUAL BACKGROUND

Plaintiff filed this action on September 15, 2025, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., against five institutional defendants — Equifax

Information Services LLC, Experian Information Solutions Inc., Trans Union LLC, JPMorgan Chase Bank N.A., and Wright-Patt Credit Union Inc. Since filing, Plaintiff has actively litigated her claims. She has filed and amended pleadings, participated in Rule 26(f) proceedings, responded to motions, engaged in discovery, and most recently served supplemental discovery requests on all Defendants — conduct wholly inconsistent with any intent to abandon this litigation.

Throughout this litigation, Plaintiff has maintained the address on the Court's docket as her mailing address. That address — the marital home she shared with her husband, Yakup Eren, for approximately two and a half years — remained the appropriate address for Court correspondence because Plaintiff's current alternative living arrangement, a rented room in a shared dwelling, does not afford the privacy necessary for receipt of sensitive federal litigation documents.

Following the Court's April 20, 2026 Preliminary Pretrial Order and the initial pretrial conference, the Court issued several Orders in quick succession that required Plaintiff's attention within unusually short timeframes:

- On May 4, 2026, the Court struck Plaintiff's Amended Complaint and ordered compliance by May 25, 2026. (ECF No. 70.)

- On May 6, 2026, the Court ordered Plaintiff to submit her position on the Amended Stipulated Protective Order by May 22, 2026. (ECF No. 72.)

- On June 1, 2026, the Court issued its Order to Show Cause requiring a response by June 15, 2026. (ECF No. 73.)

Each of these Orders was issued and mailed to Plaintiff's address of record between May 4 and June 1, 2026 — the precise period during which Mr. Eren was in Turkey and the address was

3

unoccupied. Plaintiff did not receive actual notice of any of them in time to comply. Upon Mr. Eren's return on June 20, 2026, the accumulated mail was discovered. Plaintiff independently reviewed the docket on June 23, 2026, immediately grasped the full procedural posture, and prepared all necessary filings that evening, submitting them to this Court the morning of June 24, 2026.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may, for good cause, extend a deadline after it has expired if the party failed to act because of excusable neglect. The Supreme Court established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), that the excusable neglect inquiry is an equitable one that takes into account all relevant circumstances, including: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

Courts in the Sixth Circuit apply the *Pioneer* factors flexibly and have consistently recognized that excusable neglect may be found where a litigant fails to receive actual notice of a deadline through no fault of her own. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). Additionally, dismissal under Rule 41(b) is a sanction of last resort. The Sixth Circuit has identified four factors courts must weigh before dismissing for failure to prosecute: (1) whether the party's failure was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced; (3) whether the party was warned that failure to cooperate could lead

4

to dismissal; and (4) whether less drastic sanctions were imposed or considered. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit has further articulated a fifth factor: whether the delay was within the reasonable control of the moving party. Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006). Here, the delay was wholly outside Plaintiff's control, resulting from documented non-receipt of mail during a period when no person was present at her address of record.

## IV. ARGUMENT

### A. Plaintiff Has Demonstrated Excusable Neglect Under Rule 6(b)(1)(B).

### 1. The Reason for the Delay Is Concrete, Documentable, and Not the Product of Bad Faith.

The reason for Plaintiff's failure to comply with the Court's May and June 2026 deadlines is singular and specific: she did not receive the Orders. Every missed deadline in this motion falls within a 35-day window — May 16 through June 20, 2026 — during which Mr. Eren was abroad and the address on file with the Court was unoccupied. This is not vague or conclusory. It is a discrete factual circumstance that can be verified through travel records, passport documentation, and other available evidence if the Court requires it.

Plaintiff's decision to maintain her established marital address — rather than substitute a shared rented room lacking any mail privacy — was reasonable under the circumstances. She had every reason to expect that Court correspondence would be held at the address of record until Mr. Eren's return. The failure of that arrangement during an unanticipated extended absence is precisely the kind of circumstance that the excusable neglect doctrine exists to address.

### 2. Plaintiff Acted Immediately Upon Learning of the Missed Deadlines.

5

Upon discovering the procedural posture of the case on June 23, 2026 — the evening after Mr. Eren's return allowed the accumulated mail to be identified and the docket to be reviewed — Plaintiff began preparing all filings necessary to respond to the Court and cure the outstanding deficiencies. The comprehensive set of filings submitted with this motion was prepared that evening and filed the morning of June 24, 2026. That response — from discovery to filing in less than twenty-four hours — is itself the clearest possible evidence of good faith and the complete absence of any intent to delay.

**3. Defendants Will Suffer No Meaningful Prejudice.**

All five Defendants are sophisticated institutional entities represented by experienced counsel from major law firms. This case is in its early discovery phase. No trial date has been set. No substantive merits rulings are pending. Granting Plaintiff a 21-day extension to cure procedural deficiencies will not alter the fundamental trajectory of this litigation, will not deprive Defendants of any substantive right, and will impose no cognizable prejudice. By contrast, the prejudice to Plaintiff from dismissal would be total and permanent — the termination of substantial federal statutory claims without any consideration of their merits.

**4. The Length of the Delay Is Minimal and Its Impact on the Proceedings Is Negligible.**

The delay at issue is measured in weeks, not months. The case was filed in September 2025 and remains in active early-stage litigation. A 21-day extension for Plaintiff to cure procedural deficiencies will have no material impact on the case schedule and will not require modification of any trial or dispositive motion deadline.

**B. Dismissal Under Rule 41(b) Is Not Warranted.**

Applying the *Knoll* factors to the circumstances here, dismissal is not an appropriate remedy.

6

**First**, Plaintiff's failure was not the product of willfulness, bad faith, or fault. As set forth in the accompanying Declaration, the missed deadlines resulted directly from Plaintiff's inability to receive actual notice of the Court's Orders during a documented and verifiable period of absence at her address of record. There is no evidence — because there is none — that Plaintiff strategically ignored these Orders or attempted to gain any tactical advantage through delay.

**Second**, Defendants have not suffered and will not suffer prejudice from the brief delay. The litigation is ongoing, no merits rulings have been made, and Defendants have themselves moved to stay all deadlines pending resolution of the Show Cause Order (ECF No. 81) — signaling that they do not view the current procedural posture as one requiring urgent substantive action on anyone's part.

**Third**, while this Court has previously issued warnings regarding compliance, those warnings were directed to a Plaintiff who, through the circumstances described herein, did not receive them in time to act. A warning that does not reach its recipient cannot serve the corrective function that warnings under Rule 41(b) are designed to serve. Plaintiff is now fully aware of the Court's prior Orders and its expectations and is prepared to comply strictly with every future deadline this Court establishes.

**Fourth**, and most importantly, less drastic sanctions are plainly available and appropriate. An extension of time to cure curable procedural deficiencies is the obvious and proportionate remedy. Dismissal with prejudice — the permanent elimination of a plaintiff's federal statutory claims — is warranted only where lesser measures have been exhausted and the record demonstrates a clear pattern of deliberate delay. That record does not exist here. What exists instead is one discrete, explainable, documentable gap — bounded by a departure date and a return date — followed by immediate remedial action.

**C. The Court's Stay Order Does Not Moot This Emergency Motion.**

On June 22, 2026, Defendants filed a Joint Motion to Stay all case schedule deadlines pending disposition of the Show Cause Order. (ECF No. 81.) On June 23, 2026, Magistrate Judge Shimeall granted that motion by notation order. (ECF No. 82.)

The stay does not moot this Emergency Motion. The stay addressed current and future case schedule deadlines. This Motion addresses prior procedural defaults — specifically, Plaintiff's inability to receive actual notice of the Court's May 4, May 6, and June 1, 2026 Orders during a documented 35-day period of absence at her address of record. Those are distinct matters. The stay suspends what happens going forward; it does not resolve whether excusable neglect existed for what already happened, and it does not resolve the Show Cause Order's question of whether this case should be dismissed under Rule 41(b).

Plaintiff respectfully requests that upon granting this Motion, the Court vacate ECF No. 82 as moot, as the predicate for Defendants' stay — the pendency of the unresolved Show Cause Order — will have been fully addressed by this Court's ruling.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff Jasmine D. Shehane respectfully requests that the Court:

1.  Grant this Motion;

2.  Accept Plaintiff's attached Response to the June 1, 2026 Order to Show Cause (Exhibit B) as filed instanter;

3.  Find that Plaintiff's failure to comply with the Court's May 4, 2026 (ECF No. 70), May 6, 2026 (ECF No. 72), and June 1, 2026 (ECF No. 73) Orders resulted from excusable neglect within the meaning of Federal Rule of Civil Procedure 6(b)(1)(B);

8

4. Vacate the June 15, 2026 response deadline contained in the Order to Show Cause (ECF No. 73);

5. Grant Plaintiff twenty-one (21) days from the date of the Court's Order to: a. Comply with the Court's May 4, 2026 Order (ECF No. 70) by either filing an exact, originally signed copy of the Amended Complaint in ECF No. 8 with properly redacted exhibits in compliance with Federal Rule of Civil Procedure 5.2, or filing a Motion for Leave to Amend with a proposed amended complaint; and b. Comply with the Court's May 6, 2026 Order (ECF No. 72) by filing her Notice regarding the Amended Stipulated Protective Order, which is submitted herewith as Exhibit C;

6. Decline to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b);

7. Vacate the Court's June 23, 2026 Order granting Defendants' Motion to Stay (ECF No. 82) as moot, given that the predicate for that stay — the pendency of the unresolved Show Cause Order — is fully resolved by the granting of this Motion and Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_Jasmine Shehane_

**Jasmine D. Shehane**

Plaintiff, Pro Se

2670 Diane Place

Columbus, OH 43207

Dated: June 24, 2026

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, a true and accurate copy of the foregoing Motion and all attached Exhibits was served upon the following counsel of record via U.S. Mail, First Class, postage prepaid:

1. Kara A. Czanik, Counsel for Wright-Patt Credit Union, Inc.

   Dinsmore & Shohl LLP, 255 E. Fifth St., Ste. 1900, Cincinnati, OH 45202

2. Ritika Singh, Counsel for Equifax Information Services, LLC

   Seyfarth Shaw LLP, 2323 Ross Avenue Suite 1660, Dallas, TX 75201

3. Rachael Leigh Rodman, Counsel for Experian Information Solutions, Inc.

   Thompson Hine LLP, 41 South High Street, Suite 1700, Columbus, OH 43215

4. William Madison Huse, Counsel for Trans Union LLC

   Quilling Selander Lownds Winslett Moser, 10333 N. Meridian St. Suite 200, Indianapolis, IN 46290

5. Sarah M. Benoit, Counsel for JPMorgan Chase Bank, N.A.

   Taft Stettinius & Hollister LLP, 41 S. High St. Suite 1800, Columbus, OH 43215

**Jasmine D. Shehane**

10