## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Jasmine D. Shehane,**

|  |  |
|---|---|
| **Plaintiff,** | **Case No. 2:25-cv-1046** |
| v. | **Judge Algenon L. Marbley** |
|  | **Magistrate Judge S. Courter M. Shimeall** |
| **Equifax Information Services, LLC, *et al.*,** |  |
| **Defendants.** |  |

### ORDER

This matter is before the Court to address Plaintiff Jasmine D. Shehane's Motion for Leave to File Response to Show Cause Order. (ECF No. 84.) For the following reasons, the Court **GRANTS** the motion.

### I.     Background

On May 1, 2026, Plaintiff filed her Amended Complaint (ECF No. 69) pursuant to this Court's April 20, 2026 Order. (ECF No. 67.) Plaintiff, however, did not comply with the Court's instructions. Thus, on May 4, 2026, the Court struck Plaintiff's Amended Complaint and ordered her to refile either an exact, signed copy or a motion for leave to amend by May 25, 2026. (ECF No. 70.) That same day Defendant Trans Union LLC moved for an amended protective order, but the proposed stipulated protective order was not signed by Plaintiff. (ECF No. 71.) Accordingly, the Court ordered Plaintiff to submit a notice to the Court by May 22, 2026, indicating whether she opposed or consented to the protective order. (ECF No. 72.) Plaintiff failed to respond to either Order. Thereafter, on June 1, 2026, the Court ordered Plaintiff to show cause why the Court should not recommend dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to comply with its Orders. (ECF No. 73.) Plaintiff did not respond timely to the

1

Show Cause Order.  On June 22, 2026, Defendants jointly moved to stay the case schedule, including deadlines for discovery Plaintiff had recently served, pending disposition of the Show Cause Order.  (ECF No. 81.)  The Court granted that request and stayed all case schedule deadlines on June 23, 2026.  (ECF No. 82.)

Thereafter, on June 24, 2026, Plaintiff filed a Notice of Change of Address (ECF No. 83) and her Motion for Leave to File Response, seeking leave of Court to file her response to the Court's Show Cause Order and additional time to cure the deficiencies with her Amended Complaint identified in the Court's May 4, 2026 Order.  (ECF No. 84.)  Plaintiff represents that she had recently moved from the address previously listed on the docket, that her husband, who is still residing at the address, was out of town for several weeks, and that as a result she did not receive the Court's mailings sent there between May and June.  (*Id.*)  Plaintiff further indicates that, as soon as she was made aware of the Court's Orders and missed deadlines, she promptly prepared these filings.  (*Id.*)  Plaintiff also represents that she has been diligently pursuing this case, did not willfully disregard the deadlines or act in bad faith, and believes the interests of justice favor resolving this case on the merits.  (*Id.*)  Attached to her motion, Plaintiff provides her affidavit, a separate response to the Court's June 1, 2026 Show Cause Order, and her response to the Court's May 6, 2026 Order (ECF No. 72), in which she indicates no opposition to Defendant Trans Union's Motion for Protective Order.  (ECF No. 71.)

## II.   Legal Standard

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if . . . a request is made . . . before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(A)–(B).  "The determination

of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. P'ship,* 507 U.S. 380, 395 (1993)). When analyzing whether excusable neglect exists, the Court weighs the following factors:

> (1) the danger of prejudice to the nonmoving party,
> (2) the length of the delay and its potential impact on judicial proceedings,
> (3) the reason for the delay,
> (4) whether the delay was within the reasonable control of the moving party, and
> (5) whether the late-filing party acted in good faith.

*Howard*, 306 F. App'x at 266–67 (citing *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006) (further citations omitted)).

### III.     Analysis

Upon review, the Court finds that the factors weigh in favor of permitting Plaintiff additional time to comply with this Court's Orders.   In particular, the Court finds that there is limited danger of prejudice to Defendants under these circumstances, especially given that the discovery deadline is not until late October 2026 under the current case schedule.   Likewise, the length of Plaintiff's delay was relatively short—approximately 35 days—and did not materially impede judicial proceedings.   As for the remaining factors, the Court accepts Plaintiff's explanation as to why she failed to timely respond.   The Court **<u>cautions</u>** Plaintiff, however, that she has a duty to update her address and to regularly monitor the docket.   Failure to do so could result in the Undersigned recommending that this case be dismissed for failure to prosecute under Rule 41(b).   Ultimately, the Court finds that Plaintiff has acted in good faith and diligently responded to the Court's Orders when she was made aware of the missed deadlines.

In sum, the danger of prejudice is minimal, the delay was relatively brief, Plaintiff has provided a plausible explanation for the missed deadlines, and her conduct reflects good faith, such

that the excusable neglect factors weigh in favor of extending the deadlines.

Accordingly, the Court Orders as follows:

1. Plaintiff's Response to the Court's June 1, 2026 Show Cause Order is accepted for filing instanter.   The Clerk is **DIRECTED** to extract and file ECF No. 84-1, PAGEID ##: 850–57, as a separate docket entry.

2. Trans Union's Motion for Protective Order (Amended) is **GRANTED**.   (ECF No. 71.)

3. Plaintiff is granted an extension of time to comply with this Court's May 4, 2026 Order.   Specifically, **on or before Monday, July 20, 2026**, Plaintiff shall:

   a. Refile an exact, originally signed copy of the Amended Complaint as reflected in ECF No. 8, along with appropriately redacted exhibits (including redaction of all her personal identifying information); or

   b. File a motion for leave to amend her complaint if she seeks to change any aspect of her current Amended Complaint. If Plaintiff moves to amend, she must indicate in the motion whether Defendants oppose this request, and attach a copy of the proposed amended complaint.

4. The Court hereby **VACATES** the stay of the case schedule and discovery response deadlines, finding that no basis for the stay remains.   (ECF No. 82.) To be clear, the discovery and related deadlines laid out in the Court's Preliminary Pretrial Order (ECF No. 68) are in effect.

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**