EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

JASMINE D. SHEHANE,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

Defendants.

Case No. 2:25-cv-01046-ALM-SCS

Judge Algenon L. Marbley

Magistrate Judge S. Courter Shimeall

PLAINTIFF'S RESPONSE TO JUNE 1, 2026 ORDER TO SHOW CAUSE

Plaintiff Jasmine D. Shehane, proceeding pro se, respectfully submits this Response to the Court's June 1, 2026 Order to Show Cause (ECF No. 73) and states as follows:

I. PLAINTIFF DID NOT WILLFULLY DISREGARD THE COURT'S ORDERS

Plaintiff acknowledges that she failed to comply with the deadlines established by the Court's May 4, 2026 Order (ECF No. 70), May 6, 2026 Order (ECF No. 72), and June 1, 2026 Order to Show Cause (ECF No. 73). Plaintiff sincerely apologizes to the Court for those failures.

Plaintiff respectfully submits, however, that each of those failures shares a single common cause: she did not receive actual notice of the Court's Orders within the time required to comply with their deadlines.

As set forth in detail in Plaintiff's accompanying Declaration (Exhibit A), Plaintiff's husband, Yakup Eren, is the person who resided at the address on file with the Court during the relevant period. Mr. Eren departed the United States for Turkey on May 16, 2026 and did not return until June 20, 2026. During the entirety of that 35-day absence, no one was present at Plaintiff's address of record to receive, review, or forward correspondence to her. Every Order at issue was issued and mailed to that address during this window:

- The May 4, 2026 Order (ECF No. 70), with a compliance deadline of May 25, 2026;

- The May 6, 2026 Order (ECF No. 72), with a compliance deadline of May 22, 2026; and

- The June 1, 2026 Order to Show Cause (ECF No. 73), with a response deadline of June 15, 2026.

Not one of these deadlines could have been met by Plaintiff because not one of these Orders reached her during the time in which compliance was possible. This is not an excuse constructed after the fact. It is a discrete, documentable factual circumstance capable of verification through travel records and related evidence should the Court require it.

Upon Mr. Eren's return on June 20, 2026, Plaintiff became aware that mail had accumulated at the address during his absence. Plaintiff independently reviewed the Court's docket on June 23, 2026 — the first date on which she had actual knowledge of these Orders — and immediately began preparing the filings necessary to respond to the Court and cure all outstanding deficiencies. This Response, and all accompanying filings, were prepared and submitted the following morning on June 24, 2026.

## II. THE COURT SHOULD NOT RECOMMEND DISMISSAL UNDER RULE 41(b)

The Court's June 1, 2026 Order to Show Cause directed Plaintiff to demonstrate why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Orders. Plaintiff respectfully submits that dismissal is not warranted under the applicable standard.

The Sixth Circuit requires courts to weigh four factors before dismissing a case for failure to prosecute: (1) whether the party's failure was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissal; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Each factor weighs against dismissal here.

**First**, Plaintiff's failure was not the product of willfulness, bad faith, or fault. The missed deadlines resulted entirely from a documented gap in mail receipt caused by Mr. Eren's absence abroad. There is no evidence of strategic delay, gamesmanship, or deliberate disregard of the Court's authority — because none exists. A litigant who does not receive an order cannot be said to have willfully ignored it.

**Second**, Defendants have not suffered and will not suffer any cognizable prejudice from a brief extension of time. This litigation is in its early discovery phase. No trial date has been set. No substantive rulings on the merits are pending. Defendants — five sophisticated institutional entities each represented by experienced counsel — will lose nothing of substance from allowing Plaintiff twenty-one days to cure procedural deficiencies that are entirely correctable.

**Third**, while the Court has previously issued warnings regarding compliance, those warnings were contained in Orders that, through the circumstances described herein, did not reach Plaintiff in time to serve their intended corrective function. A warning that is not received cannot be said to have placed a litigant on notice in any meaningful sense. Plaintiff is now fully aware of the Court's prior Orders and its expectations, and she is prepared to comply strictly with all future deadlines.

**Fourth**, less drastic sanctions are plainly available and entirely adequate. The procedural deficiencies at issue — refiling the Amended Complaint with proper redactions and submitting a position on the Protective Order — are curable in a matter of weeks. Dismissal with prejudice, the permanent termination of Plaintiff's federal statutory claims, would be a sanction grossly disproportionate to the circumstances presented. The Court need not reach that remedy when a short extension of time will fully address the situation.

## III. THE DEFICIENCIES ARE CURABLE AND PLAINTIFF IS PREPARED TO CURE THEM

With respect to the Court's May 4, 2026 Order, Plaintiff made a good-faith effort to comply with the Court's instructions when she filed her Amended Complaint on May 1, 2026. Plaintiff believed at the time that she had addressed the required corrections and properly redacted the attached exhibits. Plaintiff now understands that the filed complaint was not an identical copy of the complaint at ECF No. 8 and that certain personal identifying information remained visible in the exhibits in violation of Federal Rule of Civil Procedure 5.2.

As a self-represented litigant managing voluminous consumer credit exhibits — the very type of documents that frequently contain sensitive personal identifiers embedded throughout —

Plaintiff has found the technical demands of Rule 5.2 compliance to be genuinely challenging despite her sincere efforts. Plaintiff respectfully requests twenty-one (21) days to conduct a thorough, page-by-page review of the complaint and every exhibit to ensure that her refiling fully satisfies the Court's requirements before submission.

With respect to the Court's May 6, 2026 Order, Plaintiff's Notice regarding her position on Defendants' proposed Amended Stipulated Protective Order is submitted herewith as Exhibit C. Plaintiff does not oppose entry of an appropriate protective order and respectfully submits that this matter is now resolved.

Plaintiff is also aware that this Court's docket reflects prior procedural difficulties, including an order noting the absence of an original signature on the initial complaint and multiple orders related to perfecting service on Trans Union LLC. Plaintiff respectfully submits that those earlier issues arose during a period of significant personal hardship involving housing instability and financial strain, and were not the product of bad faith or deliberate disregard of the Court's authority. They reflect the documented struggles of a self-represented litigant without legal training navigating the procedural requirements of a complex federal action — not a pattern of willful noncompliance. Viewed in full context, the prior history of this case and the circumstances giving rise to the present motion together demonstrate a plaintiff who has been genuinely attempting to prosecute her claims under difficult circumstances, not one who has treated this Court's Orders with indifference.

## IV. CONCLUSION

Plaintiff has never intended to abandon this lawsuit. Since initiating this action in September 2025, she has continuously and actively litigated her Fair Credit Reporting Act claims

against five institutional defendants. She has filed and amended pleadings, participated in Rule 26(f) proceedings, responded to motions, engaged in discovery, and served supplemental discovery requests on all Defendants — conduct that is wholly inconsistent with any intent to abandon or delay this litigation.

The missed deadlines at issue share one cause, confined to one documented period, with one straightforward remedy: a brief extension of time to cure procedural deficiencies that Plaintiff is ready, willing, and able to correct immediately.

This is a federal consumer protection case brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., against five institutional defendants. The claims are meritorious and the public interest in the enforcement of federal consumer protection statutes weighs independently in favor of resolving this action on its merits rather than terminating it on procedural grounds.

Plaintiff respectfully requests that the Court accept this Response as filed instanter, decline to recommend dismissal under Rule 41(b), and grant Plaintiff twenty-one (21) days to comply fully with the Court's May 4, 2026 and May 6, 2026 Orders as set forth in Plaintiff's accompanying Emergency Motion.

Respectfully submitted,

_____

**Jasmine D. Shehane**

Plaintiff, Pro Se

2670 Diane Place

Columbus, OH 43207

Dated: June 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, a true and accurate copy of the foregoing was served upon

the following counsel of record via U.S. Mail, First Class, postage prepaid:

1.  Kara A. Czanik, Counsel for Wright-Patt Credit Union, Inc.

    Dinsmore & Shohl LLP, 255 E. Fifth St., Ste. 1900, Cincinnati, OH 45202

2.  Ritika Singh, Counsel for Equifax Information Services, LLC

    Seyfarth Shaw LLP, 2323 Ross Avenue Suite 1660, Dallas, TX 75201

3. Rachael Leigh Rodman, Counsel for Experian Information Solutions, Inc.

   Thompson Hine LLP, 41 South High Street, Suite 1700, Columbus, OH 43215

4. William Madison Huse, Counsel for Trans Union LLC

   Quilling Selander Lownds Winslett Moser, 10333 N. Meridian St. Suite 200,

   Indianapolis, IN 46290

5. Sarah M. Benoit, Counsel for JPMorgan Chase Bank, N.A.

   Taft Stettinius & Hollister LLP, 41 S. High St. Suite 1800, Columbus, OH 43215

6.

   _____

**Jasmine D. Shehane**